IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RASHAUNA LYNN WILSON<br><br>Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE<br>BACKGROUND SERVICES CORP.<br><br>Defendant. | CIVIL ACTION<br><br>NO. _____<br><br>JURY TRIAL DEMANDED<br><br>COMPLAINT |

## COMPLAINT

### Preliminary Statement

1. This is an action for damages brought by an individual consumer, Rashauna Lynn Wilson, against Defendant First Advantage Background Services Corporation for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

### Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### Parties

4. Plaintiff Rashauna Lynn Wilson is an adult individual residing in Bristol, Connecticut.

5. Defendant First Advantage Background Services Corporation ("First Advantage") is a consumer reporting agency that regularly conducts business in the District of Connecticut, and

which has a principal place of business located at 1 Concourse Parkway NE, Suite 200 Atlanta, GA.

### Factual Allegations

6. In or around November 2017, Plaintiff applied for a position with United Parcel Service of America, Inc. ("UPS").

7. As part of her job application, Plaintiff signed a document purportedly authorizing UPS to obtain a consumer report for employment purposes.

8. UPS requested a consumer report from First Advantage and First Advantage sold to UPS a consumer report concerning Plaintiff on or around November 8, 2017.

9. The report furnished by First Advantage was for employment purposes.

10. Defendant First Advantage has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties ("inaccurate information").

11. The inaccurate information includes, but is not limited to, three (3) criminal offense records that actually belong to a different individual. These records appear on the consumer report First Advantage sold about Plaintiff to UPS as follows: "FORGERY- ALTER/CHANGE WRITING WITHOUT AUTHORIZATION – OTHER FORGED DOCUMENT INDICTMENT GUILTY" "BREACH OF PEACE 2ND DEGREE MISDEMEANOR GUILTY" "DISORDERLY CONDUCT -VIOLENT/THREAT MISDEMEANOR GUILTY" and "ILLEGAL OPERATION OF A MOTOR VEHICLE UNDER SUSPENSION MISDEMEANOR GUILTY."

12. The inaccurate information grossly disparages the Plaintiff and portrays her as a convicted criminal. There is perhaps no greater error that a consumer reporting agency can make.

13. The derogatory inaccuracies appear to be caused by a misreading of public records. Any rudimentary inspection of the data would reveal the inaccuracies. Defendant obviously failed to employ such a procedure.

14. Plaintiff was subsequently denied employment at UPS and Plaintiff was informed by UPS that the basis for this denial was the inaccurate criminal information that appears on Plaintiff's First Advantage consumer report.

15. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## Count I – Violations Of The FCRA

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. At all times pertinent hereto, First Advantage was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and § 1681a(f), respectively.

20. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3

21. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

22. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, First Advantage is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

23. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## Jury Trial Demand

24. Plaintiff demands trial by jury on all issues so triable.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a) Actual damages;

    (b) Statutory damages;

    (c) Punitive damages;

    (d) Costs and reasonable attorney's fees; and

    (e) Such other and further relief as may be just and proper.

Respectfully submitted,

_____
Sarah Poriss, Esq. ct24372
777 Farmington Avenue
West Hartford, CT 06119
T: 860-233-0336
F: 866-424-4880
E: sarahporiss@prodigy.net

Joseph L. Gentilcore, Esq.
Francis Mailman Soumilas, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: 215-735-8600
F: 215-940-8000
E: jgentilcore@consumerlawfirm.com
*Application for Admission
Pro Hac Vice Forthcoming*